JEREMIAH W. FRANK v. CHARLES BERRY, Appellant.

**Alienation of wife's affections:** MITIGATION. A general allegation of bad character is insufficient to raise an issue of previous unchastity and to permit evidence thereof in mitigation of damages in an action for alienating a wife's affections.

**Previous unchastity:** CONNIVANCE OF HUSBAND: PROOF. To sustain an issue of the wife's previous unchastity, with the knowledge and connivance of the husband, both his knowledge and consent must be shown, and where the same do not appear from the evidence the issue should not be submitted to the jury.

**Proof of handwriting:** COMPETENCY OF WITNESS. One who witnessed the signature of another is competent to state whether certain letters were in the same handwriting, and the fact that the witness was not an expert and had but slight business experience affected the weight rather than admissibility of his evidence.

**Proof of handwriting.** The filing of an answer purporting to be signed by defendant is an assertion that the signature is genuine and it may be received in evidence as a standard of comparison of his claimed handwriting.

**Secondary evidence:** OBJECTION. Where secondary evidence is admitted without objection it must thereafter be attacked by motion to strike.

**Evidence:** ADMISSIBILITY. Where defendant and plaintiff's wife were corresponding, and it appeared from one of his letters that he had rented a certain postoffice box, the testimony of the postmaster that a man by defendant's name had rented a box of the same number at about the date of the letter was competent.

**Evidence:** SUPPORT OF FAMILY. Evidence of the amount plaintiff expended in the support of his family is held admissible on the question of proper support and cause of separation.

*Appeal from Linn District Court.*— HON. WM. G. THOMPSON, Judge.

THURSDAY, MAY 4, 1905.

JUDGMENT for damages, from which defendant appeals. — *Affirmed.*

*Redmond & Stewart,* for appellant.

*Grunewald Bros.* and *Jamison & Smyth,* for appellee.

LADD, J.— Plaintiff became the husband of Mrs. Atwood December 25, 1900, and claims to have lived happily with her until in 1902, when her attitude toward him changed, and, after two temporary separations, he left her in September, 1903. He attributed all his troubles to interference on the part of defendant.

I.  Plaintiff recognized nine letters addressed to his wife, and the photograph of another, as being in the handwriting of defendant. These were received in evidence, over

3. PROOF OF HANDWRITING: competency of witness.

objection that his competency had not been shown. As he had seen the defendant write a receipt and sign his name in a subscription book, the ruling was correct. *Hyde v. Woolfolk,* 1 Iowa, 159; *State v. Farrington,* 90 Iowa, 673; *Slate v. Hall* (S. D.), 91 N. W. Rep. 325, 65 L. R. A. 151; Elliott on Evidence, section 1100; Greenleaf on Evidence (15th Ed.), section 577; Rogers on Expert Testimony (2d Ed.), section 122.  The fact that the witness was not an expert and had enjoyed little business experience went to the weight to be given his testimony rather than to its admissibility.

II.  When the photograph of a letter was offered and admitted, objection that it was secondary evidence was not urged.  The letter appears in the abstract, and is followed

5. SECONDARY EVIDENCE: objection.

by the statement: " Counsel for plaintiff now reads photographed letter marked ' Exhibit No. 10.' "  Thereafter the defendant first raised the above objection, and it was overruled.  This was not error, as the photograph was then before the jury, and could not properly have been excluded save on a motion to strike.

III.   In one of these letters the writer informed plaintiff's wife that he had procured a box with a key to it, No. 490, and cautioned her to remember the number.   The post-master testified that a man of defendant's name rented a box, being that number at the post office, some time during the same month.   As they were corresponding, and he asked in the letter containing the statement that she write, the postmaster's evidence was admissible.

6. EVIDENCE: admissibility.

IV.   The signature of Charles E. Berry attached to the answer was admitted in evidence, over objection, as a standard of comparison with the handwriting of the letters.   The statute requires every pleading to be subscribed by the party or his attorney (section 3580, Code), and the court had the right to assume, in the absence of any showing to the contrary, that defendant, in filing his answer purporting to be signed by himself, had complied with the law.   Filing such an answer was an assection that the signature was genuine, and it was rightly received in evidence.   See *State v. Farrington,* 90 Iowa, 673.

4. PROOF OF HANDWRITING.

V.   Plaintiff was allowed, over defendant's objection, to testify that he had $600 when married, and that during the 2½ years he had lived with his wife he had expended all save $40 in support of his family, of which fact she had knowledge.   The evidence was not very material, but had some tendency to show that he had cared for her properly.   On the other hand, the inference was open that the separation may have resulted because of the exhaustion of plaintiff's funds rather than the interference of defendant.   On these grounds its admission may be sustained.

7. EVIDENCE: support of family.

VI.   The jury was instructed not to consider the evidence of plaintiff's wife's bad character prior to her marriage. Such evidence could have been received only in mitigation of damages.   *Conway v. Nicol,* 34 Iowa, 533.   And, under our Code, mitigating circumstances, to be provable, must be

specially pleaded (*Herriman v. Layman,* 118 Iowa, 590),

**1. Alienation of wife's affections: mitigation.**  that is they must be pleaded as such. A mere general allegation, as in defendant's answer, was not enough, and did not put her previous character in issue. The instruction was correct. On this ground, if for no other, the evidence of Marks that the wife had been accused four years before (prior to her marriage) of robbing a man was properly stricken.

VII. In his answer defendant pleaded that the wife had been a prostitute both before and after her marriage, and that plaintiff so knew and connived in what she did, but this

**2. Previous unchastity: connivance of husband; proof.**  issue was not submitted to the jury. If no evidence was introduced tending to support the issue, omission to submit it was not error. *Van Vechten v. Smith,* 59 Iowa, 173; *Kimball v. Monarch Ins. Co.,* 70 Iowa, 513. To sustain this defense, knowledge on the husband's part and consent thereto were both essential. *Stumm v. Hummel,* 39 Iowa, 478. The evidence failed to show either. That his suspicions were aroused must be conceded, but his request of a policeman to keep watch of her indicated objection rather than consent. His objections to her frequent trips downtown, which she did not satisfactorily explain, and to her association with a certain woman, cannot be construed into assent to her course. He knew nothing of the source of the money carried in her stocking. In so far as he was shown to have been aware of his wife's misconduct, it was without his approval. He was not bound to keep guard over her, and yet had the right to watch her if he suspected her of infidelity, and even to leave opportunities open, provided he created none nor in any way invited evildoing. This was as far as he went, and was not sufficient to justify the inference that he had connived at or assented to her misconduct.

The record is without prejudicial error, and the judgment is *affirmed.*