MATTIE MORROW, Appellee, v. KITTY SCOVILLE, Appellant.

November 13, 1928.

Clyde McFarlin and McCoy & McCoy, for appellant.

Thomas J. Bray, for appellee.

Albert, J.—I. The claim of the plaintiff was that the defendant was guilty of assault and battery against her, committed on the 30th day of May, 1927. The answer and counterclaim gave rise to several different issues, but, when the case was submitted to the jury, but two were submitted: First, the issue made by the plaintiff's petition of assault and battery; and second, the issue in the second count of defendant's counterclaim, involving the alleged charge of criminal conversation between the plaintiff, Mattie Morrow, and the defendant's husband, Charles Scoville.

The first question raised in the case involves an instruction given by the court, in which he told the jury, in substance, that, in determining the extent and severity of the injuries claimed to have been received by the plaintiff in the alleged assault, the jury might take into consideration the respective size, health, and physical condition of the parties, as it appeared from the evidence in the case.

One of the defenses attempted by the defendant against plaintiff's charge of assault and battery was self-defense. The court rightly refused to submit this question to the jury, because there was no warrant to submit such an issue. The appellant insists that, this issue having been withdrawn from the consideration of the jury, the aforesaid instruction was unwarranted. It is true that this instruction is most frequently used where the plea of self-defense is interposed. Under the evidence in this case, at the time of this assault plaintiff weighed 173 pounds, and the defendant 115 pounds. Under these circumstances, the instruction would seem of greater use to the defendant than it would be to the plaintiff; at least, we can see no prejudicial error in giving it. See *State v. Dickson,* 200 Iowa 17.

In relation to the alleged illicit relations between the plaintiff and Charles Scoville, the husband of the defendant, on direct examination the defendant testified that, up to the time of her knowledge of such relations, her home was pleasant. She testified: "My husband and I loved each other, and since that time my home has not been a home." She was then asked this question:

"Has there been anything other, in your knowledge, than the relations of Mattie Morrow and your husband that has made your home in the condition you now describe it is in? A. No, sir."

She was then asked, on cross-examination, whether she had not heard that her husband was unduly intimate with other women, especially one Mrs. Jake Morrow. This cross-examination was strenuously objected to, and the admission of testimony along the line of showing her knowledge of the illicit relations between her husband and Mrs. Jake Morrow was assigned as error.

We think that the cross-examination, in view of the direct examination, was permissible, and that there was no error in allowing such cross-examination along this line. The court gave an instruction relative thereto, saying to the jury, in substance, that evidence had been admitted that the husband, Charlie Scoville, had illicit relations with a woman other than the plaintiff, and that defendant knew of these relations between

her husband and such woman. The jury was then told that, if they found this to be a fact, it would not prevent the defendant from recovering damages from the plaintiff if it were found that plaintiff was guilty of illicit relations with the defendant's husband.

It is insisted that the court was not warranted in giving this instruction, on the theory that such evidence should not have been admitted in the first instance. The court having held that the evidence was admissible in the first instance, the instruction necessarily followed, and was correct as against the assault made on it.

It is urged, however, that this evidence was only admissible in mitigation of damages, and that plaintiff did not plead it as such; hence it was error to admit the same and instruct thereon.

It was our holding in the case of *Ruby v. Lawson*, 182 Iowa 1156, a case in which the charge was alienation of affections, aggravated by seduction, that evidence of the previous unchastity of the wife was not admissible unless pleaded in mitigation of damages. In *Frank v. Berry*, 128 Iowa 223, another alienation case, the jury was instructed not to consider the evidence of plaintiff's wife's bad character prior to her marriage; that such evidence could only be received in mitigation of damages,—citing *Conway v. Nicol*, 34 Iowa 533. The opinion further says:

"Under our Code, mitigating circumstances, to be provable, must be specially pleaded * * * ."

Under the record in the instant case, we do not think that the foregoing rule applies. The testimony was purely impeaching in its nature, intended to negative her statements made on direct examination. For this purpose, we think the evidence was admissible. The court instructed, with relation to this matter, in the instruction complained of, that it might be considered by the jury, and only considered, for the purpose of determining what, if any, mental anguish and suffering the act of the plaintiff (if they found she did commit the act of illicit intercourse with defendant's husband) caused the defendant. Thus limited by the instruction, we do not think there was prejudicial error, so far as defendant was concerned. The evidence having been properly admitted, it was in for all purposes which it could serve, and if the court limited it, the defendant cannot complain.

II. · One other question is raised: that is, that the court erred in submitting the counterclaim based on criminal conversation, in that he did not instruct on the question of exemplary damages. · This question is *res integra*, so far as this court is concerned. Defendant cites no authority, and a diligent search of the books does not afford any aid to a solution of this question. There is no doubt, under the allegations of this counterclaim, that the court would have been warranted in submitting the question of exemplary damages. The allegations of the counterclaim are sufficient for that purpose. We have held in this state that the court is warranted in submitting the question of exemplary damages even though no claim is made for them in the petition (counterclaim). *Gustafson v. Wind*, 62 Iowa 281; *Davis v. Seeley*, 91 Iowa 583. But this does not rule the question before us. We are not unmindful of the rule long recognized by this court and other courts, that it is the duty of the court, in instructing the jury, to properly state the law governing all of the issues in the case; but the question here raised is not a question that should be considered as an issue, within the meaning of this rule. We are also well aware of the rule that the court, in instructing the jury in a damage case, is bound to correctly state the rule as to the measure of damages.

Exemplary damages are purely incidental, and a gratuity of the law, under certain circumstances, when actual and substantial damages are first allowed. The complaining party cannot claim exemplary damages as a matter of right. *White v. International Text Book Co.*, 164 Iowa 693. Under our rule, it is peculiarly the province of the jury to say whether or not exemplary damages shall be allowed, and if so, how much.

. · No question is raised in this case as to the measure of damages laid down by the court in his instruction as to actual or compensatory damages. He did not submit the question of exemplary damages, and defendant did not claim the same in her counterclaim, nor request such an instruction. · Was this an error on the part of the court? We do not think so. All of the issues in the case were fairly stated to the jury, and covered by the instructions. The measure of actual or compensatory damages was properly and correctly stated to the jury, which would justify the jury, if the facts warranted it, in allowing the de-

fendant compensatory damages on her counterclaim. If, in addition to this, the law afforded her an opportunity to enhance the damages, we think it was the duty of the defendant to in some way call the question to the attention of the court. Since she failed in every way to do so, we do not think the court erred in not submitting the question of exemplary damages to the jury.

We find no reversible error, and the case is affirmed.— *Affirmed.*

STEVENS, C. J., and FAVILLE, DE GRAFF, and MORLING, JJ., concur.