FRANK KEYES v. JACK CHURCHWARD

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 1—decided June 30, 1948

*Robert J. Woodruff,* with whom, on the brief, was *Arthur Klein,* for the appellant (defendant).

*Thomas F. Keyes, Jr.,* with whom were *Joseph M. Brandon* and, on the brief, *David E. FitzGerald, Jr.,* for the appellee (plaintiff).

DICKENSON, J.   In this action for alienation of affections, the jury rendered a verdict for the plaintiff for $25,000, the defendant moved to set it aside as contrary to the law and evidence and excessive, the trial court ordered it set aside unless the plaintiff filed a remittitur of $7500, and the plaintiff filed the remittitur.   The defendant has appealed on the sole ground that the verdict, so reduced, is still excessive.

The jury could have found the following facts: The plaintiff and his wife were married August 30, 1942, after a courtship of five years.   They lived together, with her parents, until December 22, 1942.   During

that time the plaintiff was a letter carrier and his wife was employed in secretarial work. Their relations were congenial. On November 14, 1942, Mrs. Keyes commenced working for the Churchward Company, a business owned and operated by the defendant. On December 22, 1942, the plaintiff was inducted into the United States army and was in the service in this country until December, 1943. During that time the plaintiff and his wife corresponded, conversed over the telephone, and saw each other on a few occasions. In December, 1943, he went overseas, where he remained for about two years. During that time they corresponded frequently. He returned to this country in December, 1945, was discharged from the army on December 14, 1945, and rejoined his wife, who was living with her parents. He remained with her until they quarreled on December 30, 1945, and he left the next day. While the plaintiff was in the service, his wife had progressed from a position where she received about $30 a week to that of treasurer of the Churchward Company, receiving more than $7500 a year. She was personally attractive, and the jury could have found that she was a very capable and efficient business woman. The plaintiff, after he left her, saw her in the company of the defendant on various occasions. The plaintiff's affection for his wife had continued from the time he married her through his years in the service and upon his return, and in some degree to the time of trial of this action. She was then twenty-six years of age and he thirty-three. The alienation of her affections by the defendant is not disputed. It affected the plaintiff's health. When he saw them together his "nerves would go to pieces."

The gist of an action for alienation of affections is the loss of consortium, a property right growing out of the marriage relation which includes the exclusive right

to the services of the spouse. By such services is meant not so much earned wages as assistance and helpfulness in the relations of conjugal life according to the station of the parties. In addition, there is the exclusive right in each to the society, companionship and conjugal affection of the other. To damages for the loss of these rights may be added recovery for mental anguish and injured feelings. *Valentine* v. *Pollak*, 95 Conn. 556, 561, 111 A. 869. Damages may include future as well as past suffering; *Palladino* v. *Nardi*, 133 Conn. 659, 664, 54 A. 2d 265; and are measured by the extent of the loss incurred, as far as money can measure it. *Maggay* v. *Nikitko*, 117 Conn. 206, 209, 167 A. 816. They are incapable of precise measurement. *Valentine* v. *Pollak*, supra, 558. For that reason, considerable latitude is allowed a jury by the courts in estimating damages. 27 Am. Jur. 142; see also 42 C. J. S. 351.

The defendant argues in his brief that the trial court found the jury's verdict excessive and suggested possible causes for this but failed to reduce it to an amount that might be compensatory and not punitive. He contends that the circumstances present in this case were less likely to cause as much damage as existed in other cases decided in this jurisdiction where the amount of recovery was far less. He calls attention in particular to the two cases of *Doroszka* v. *Lavine*, reported together in 111 Conn. 575, 150 A. 692. These were actions for criminal conversation and malicious prosecution where verdicts of $20,000 and $26,025 were set aside by the trial court; on appeal this court ordered the setting aside of the verdicts to stand unless a remittitur of $10,000 was filed in one and a remittitur of $22,000 in the other, and we stated (p. 577) that the awards vastly exceeded those theretofore made in Connecticut cases of this kind. The defendant's

contention is based on a false premise. While the verdict, even as reduced, exceeds verdicts in similar actions in this jurisdiction, the conduct of the defendant upon which it is based was particularly flagrant and injurious to the plaintiff. The jury might reasonably have found that the plaintiff had an attractive and unusually efficient and capable wife; that he had her affection when he went away to war, relied upon it throughout the period that he was away and looked forward to it upon his return home; that while he was away the defendant by his machinations and through his position as her employer supplanted the plaintiff in her affections; that the plaintiff returned to find that his wife had lost her affection for him, had been associating with the defendant in public in a disgraceful manner and had on one occasion spent the night with him in a New York hotel. The jury further could have found not only that the plaintiff had suffered from the loss of the society and the affection of his wife but that his sense of injury was aggravated by the fact that her affection had been stolen while he was away in the service of his country.

While the figure $25,000 might justify the trial court's suspicion that the amount was arrived at by consideration of extraneous matters, the verdict is not questioned other than as to amount, and the amount fixed by the trial court was one that we cannot say was unreasonable in view of the nature of the wrong done the plaintiff, the absence of evidence of mitigating circumstances and the present deflated value of the dollar. It is the action of the trial court which we are reviewing, and that action will not be reversed or modified unless the court's large discretion has been abused. *Prosser* v. *Richman*, 133 Conn. 253, 256, 50 A. 2d 85.

There is no error.

In this opinion the other judges concurred.