Alan Kniznik, Plaintiff-Appellant, v. Dr. Harry Quick, Defendant-Appellee.

Gen. No. 54,398.

First District, First Division.

October 13, 1970.

Soble & Soble, James L. Griffin, of Chicago, for appellant.

Nathenson & Gussin, of Chicago, for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

The plaintiff has appealed the trial court's dismissal of his second amended complaint on defendant's motion by order dated June 20, 1969. The plaintiff's original complaint and his first amended complaint had been previously dismissed.

The plaintiff's second amended complaint alleged a cause of action for alienation of affections. The pleading stated that the defendant had alienated the affections of plaintiff's wife by specific acts which served to entice the plaintiff's spouse, with resulting loss of affection and subsequent divorce between plaintiff and his wife; that the defendant engaged in certain unlawful and malicious conduct that occurred on certain dates; that the defendant's actions were the proximate cause of plaintiff's losing his wife's affections; and that the direct and proximate consequence of defendant's actions was that plaintiff suffered actual monetary damages.

Plaintiff claimed the following damages: (1) loss of "the care, aid, assistance, comfort, society and consortium of his former wife," (2) $2,000 for attorney's fees and costs expended by plaintiff for the divorce from his former wife (3) $1,000 for attorney's fees and costs incurred by plaintiff regarding child custody between plaintiff and his former wife, and more than $5,000 for household services to maintain his home (4) that plaintiff became mentally and physically ill requiring a physician's care and medication, said illness directly attributable to the defendant's alienation of his wife's affections resulting in the expenditure of $1,500 (5) that as a further result of defendant's actions, the plaintiff was so ill that he was incapable of attending to his customary business duties and occupation, causing a financial loss of earnings and profits in an unascertainable amount but estimated by plaintiff to be in excess of $10,000.

The defendant moved to dismiss the second amended complaint on the grounds "that it fails to state a cause of action and in particular, that it fails to allege any damages lawfully and properly recoverable in the State of Illinois under the laws applicable to such actions." Both parties filed memoranda of law in support of their respective positions.

■ The elements for a cause of action in alienation of affections were stated in Farrier v. Farrier, 46 Ill App2d 471, 197 NE2d 163 (1964), at page 474:

> "To sustain a cause of action plaintiff must allege and prove (a) love and affection of the spouse for plaintiff, (b) overt acts, conduct or enticement on the part of the defendant causing these affections to depart and (c) actual damages."

In the instant case, the parties are in dispute as to the damage allegations of the second amended complaint. The litigants have correctly argued that the answer to this appeal must be found in the statutory provisions that have declared this State's public policy regarding actions for alienation of affections. Sections 34 through 37 of chapter 68 of the Ill Rev Stats 1969, contain the following:

> "34. Declaration of public policy.] § 1. It is hereby declared, as a matter of legislative determination, that the remedy heretofore provided by law for the enforcement of the action for alienation of affections has been subjected to grave abuses and has been used us an instrument for blackmail by unscrupulous persons for their unjust enrichment, due to the indefiniteness of the damages recoverable in such actions and the consequent fear of persons threatened with such actions that exorbitant damages might be assessed against them. It is also hereby declared that the award of monetary damages in such actions is ineffective as a recompense for genuine mental or emotional distress. Accordingly, it is hereby declared as the public policy of the state that the best interests of the people of the state will be served by limiting the damages recoverable in such actions and by leaving any punishment of wrong-doers guilty of alienation of affections to proceedings under the criminal laws of the state, rather than to the imposition of punitive, exemplary, vindictive, or aggravated damages in actions for alienation of affections. Consequently, in the public interest, the necessity for the enactment of this chapter is hereby declared as a matter of legislative determination.

"35. Actual damages, only, recoverable.] § 2. The damages to be recovered in any action for alienation of affections shall be limited to the actual damages sustained as a result of the injury complained of.

"36. Punitive, exemplary, vindictive or aggravated damages not recoverable.] § 3. No punitive, exemplary, vindictive or aggravated damages shall be allowed in any action for alienation of affections.

"37. Elements not to be considered in determining damages.] § 4. In determining the damages to be allowed in any action for alienation of affections, none of the following elements shall be considered; the wealth or position of defendant or the defendant's prospects of wealth or position; mental anguish suffered by plaintiff; any injury to plaintiff's feelings; shame, humiliation, sorrow or mortification suffered by plaintiff; defamation or injury to the good name or character of plaintiff or his or her spouse resulting from the alienation of affections complained of; or dishonor to plaintiff's family resulting from the alienation of affections."

This legislation was enacted to limit damages recoverable in this type of action. The only damages recoverable are actual damages resulting from the injury and certain elements are specifically excluded from consideration.

Plaintiff argues that the enumerated elements of damages that he allegedly sustained because of defendant's wrongful alienation of his wife's affections are recoverable within the provisions of the statutes set out above. Plaintiff argues these allegations are for "actual damages" for which he is entitled to compensation and that the elements claimed were not specifically excluded by the statutes.

Defendant argues that the second amended complaint "did not contain allegations of fact sufficient to show that the damages complained of resulted from and were proximately caused by the injury alleged." He contends that the complaint contains conclusions of the plaintiff and that no facts are alleged to relate the enumerated damages to the alleged wrongful acts of the defendant.

Defendant argues that the public policy declared in sections 34–37 of chapter 68 imposes a rigorous burden of pleading damages in alienation of affection actions. Defendant states that in order to give effect to this legislation, a plaintiff should be required to clearly and unequivocally allege facts that tend to show actual damages for such an injury.

In oral argument, plaintiff's counsel argued that the defendant's brief and oral argument relied upon a ground not raised in the trial court. Specifically, plaintiff argues that the defendant's contention that the second amended complaint was subject to dismissal because of conclusions pleaded is being asserted for the first time in this court. The general rule is that the theory relied upon in the trial court cannot be changed on review and that issues not presented or passed upon by the trial court cannot be raised for the first time on review. Woman's Athletic Club of Chicago v. Hulman, 31 Ill2d 449, 202 NE2d 528 (1964). We are of the opinion that this rule is not applicable. It is well established that an appellee may urge any point in support of the judgment on appeal although not directly ruled upon by the trial court, so long as the factual basis was before that court. Linn Farms, Inc. v. Edlen, 111 Ill App2d 294, 250 NE2d 681 (1969). In the instant case, the record reveals that the defendant challenged the sufficiency of the second amended complaint for failure to state a cause of action. In particular, the defendant's motion contended that the complaint did not allege any lawful or recoverable damages under the applicable statutes. Defendant's contention on appeal that the pleading was also defective because of the conclusionary allegations did not change the defendant's theory that the complaint failed to state a cause of action. Thus, we are of the opinion that there is sufficient basis from the record to consider defendant's argument on this point.

The public policy declaration in chapter 68 of the Ill Rev Stats, section 34, plainly calls for a careful consideration of damage allegations contained in the second amended complaint. The question of properly pleading damages in a case of alienation of affections has not been

considered by a reviewing court of this State. Despite the novelty of the situation, we believe that general pleading rules are applicable to this case.

 The defendant has argued that plaintiff has alleged conclusions without stating any ultimate facts to show a relationship between the damages alleged and the wrongful acts of the defendant. The paragraphs dealing with damages in the second amended complaint begin with the following language: "That as a direct and proximate consequence of the actions of defendant . . . the plaintiff suffered actual monetary damages." The complaint then lists several categories of damages incurred by plaintiff. We agree with the defendant's contention that these are mere conclusions. Before a party can recover on any cause of action, that party must allege facts that support the allegations of a cause of action. Skolnick v. Nudelman, 95 Ill App2d 293, 237 NE2d 804 (1968). Furthermore, in determining the sufficiency of a complaint, well-pleaded facts must be taken as true, but conclusions need not be accepted. Shlensky v. Wrigley, 95 Ill App2d 173, 237 NE2d 776 (1968). Accordingly, we hold that the trial court properly dismissed the plaintiff's second amended complaint because of the conclusionary nature of the pleadings.

 We are also of the opinion that some of the damages alleged are not compensable under the laws of this State. The plaintiff's allegations of his mental illness due to the loss of his wife so that he received medical attention, is clearly excluded by section 37 of the Statute, where a plaintiff's mental anguish, feelings, etc. were barred from consideration. Similarly, the loss of earnings and profits from plaintiff's occupation are excluded by that section for the same reasons. With regard to the alleged expenditure for household maintenance by the loss of plaintiff's former wife, this appears to be rather tenuous and remote for causal relation to defendant's wrongful acts.

 Plaintiff also claimed attorney's fees and expenses from the divorce and child custody proceedings that arose between plaintiff and his former wife. The general rule is "that attorney's fees and the ordinary ex-

penses and burdens of litigation are not allowable to the successful party in the absence of a statute, or in the absence of some agreement or stipulation specially authorizing the allowance. . . ." Ritter v. Ritter, 381 Ill 549, 553, 46 NE2d 41, 43 (1943). See also People ex rel. Henderson v. Redfern, 104 Ill App2d 132, 243 NE2d 252 (1968). Plaintiff has relied upon the Ritter case, which had reversed an earlier Appellate Court decision in Ritter v. Ritter, 308 Ill App 337, 32 NE2d 185 (1940). Both Ritter decisions had mentioned, by way of dicta, that a plaintiff might recover attorney's fees and cost of litigation where the defendant's wrongful conduct had involved the plaintiff in litigation with third parties. See Philpot v. Taylor, 75 Ill 309 (1874) and cases cited therein. These earlier decisions recognized an exception to the general rule where a party was forced to preserve property rights in real estate due to the wrongful acts of another which caused litigation expenses against third parties. We believe that the exception should be limited to the facts of those cases and not extended to alienation of affection cases.

 Finally, the plaintiff sought damages for loss of "consortium." This has been indirectly acknowledged as an element of damage in alienation of affection actions. Tjaden v. Moses, 94 Ill App2d 361, 237 NE2d 562 (1968). However, plaintiff's allegation in this regard was properly dismissed because of the indefiniteness of the amount of damages (Ill Rev Stats 1969, c 68, § 34), and the conclusionary manner in which the pleadings were expressed. Therefore, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.