ARLAN B. COULTER, Plaintiff-Appellant, *v.* ROBIN RENSHAW, Defendant-Appellee.

Second District    No. 80-132

Opinion filed March 19, 1981.

Selwyn Coleman, of Roselle, for appellant.

Robert J. Morrow, of Eilert & Morrow, of Geneva, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Arlan Coulter, appeals from an order of the Circuit Court of Kane County dismissing his amended complaint and denying him leave to file a second amended complaint for alienation of affections against defendant, Robin Renshaw.

Plaintiff and Kathleen Renshaw, formerly Mrs. Coulter, were married January 31, 1970, and they resided together until June 1979. Plaintiff and Kathleen had one child by their marriage and both of them worked during the marriage, Kathleen earning about $400 per month. During the period from March 1979 to June 1979, defendant allegedly began to seek the affections of Kathleen by promises of trips, money and other items

which plaintiff could not afford. Additionally, defendant had allegedly rented an apartment for Kathleen and encouraged her to commence proceedings to dissolve her marriage to plaintiff. Kathleen did petition for dissolution of marriage, and the petition was granted. At this proceeding, plaintiff apparently waived maintenance. Plaintiff subsequently filed a complaint against defendant alleging that defendant alienated the affections of his former wife but this complaint was dismissed. Plaintiff filed an amended complaint which the defendant moved to dismiss pursuant to sections 45 and 48(d) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, pars. 45 and 48(d)). The trial court granted the motion to dismiss and denied plaintiff's request for leave to file a second amended complaint.

In 1947, after the Illinois Supreme Court frustrated an earlier legislative effort to abolish the tort of alienation of affections (*Heck v. Schupp* (1946), 394 Ill. 296, 68 N.E.2d 464), the Illinois legislature passed the present statute which allowed recovery of only actual damages resulting from the alienation of the affections of one's spouse (Ill. Rev. Stat. 1979, ch. 40, pars. 1901-1907). Not only have alienation-of-affection actions been limited sharply by statute in Illinois, they also have been subjected to close and strict judicial scrutiny within very narrow limits both in pleading and proof. See, *e.g., Lo Cascio v. Kiousis* (1973), 9 Ill. App. 3d 919, 293 N.E.2d 414 (abstract).

■■ The *prima facie* elements necessary to sustain a cause of action and which must be pleaded and proved are: (a) love and affection of the spouse for the plaintiff; (b) actual damages; and (c) overt acts, conduct or enticement on the part of the defendant causing those affections to depart. (*Wheeler v. Fox* (1974), 16 Ill. App. 3d 1089, 307 N.E.2d 633.) The trial court in the case at bar dismissed the amended complaint because plaintiff failed to plead specific facts alleging actual damages. We disagree and reverse in part.

■■ Each count of a complaint must state a complete cause of action. (*Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1, 349 N.E.2d 73, *appeal dismissed* (1979), 442 U.S. 935, 61 L. Ed. 2d 306, 99 S. Ct. 2873.) We will therefore examine each count separately.

■■ In count I of the amended complaint, plaintiff claimed as damages his attorneys' fees in the dissolution of marriage proceeding, the loss of his spouse Kathleen's services in the home and the loss of her monthly income of $400. Plaintiff's attorneys' fees are clearly not recoverable under the Act. (*Kniznik v. Quick* (1970), 130 Ill. App. 2d 273, 264 N.E.2d 707.) Further, under the rule of *Wheeler v. Fox*, we hold that merely pleading loss of the spouse's services without an allegation of actual pecuniary loss is insufficient to establish actual damage.

■■ But plaintiff also alleged in count I that he suffered the loss of his wife's $400 per month income. An earned wage is an element of services

which is a property right growing out of the marriage relationship. (*Keyes v. Churchward* (1948), 135 Conn. 115, 61 A.2d 668.) We think that, in spite of the narrow construction given the term, an allegation of loss of the spouse's income will fulfill the requirement of actual damage. To hold that it did not appears to us to be tantamount to abolishing the cause of action of alienation of affections.

■■■ Defendant also asserted as a ground for dismissal that the claim for damages based upon the loss of Mrs. Renshaw's income was barred pursuant to section 48(d) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(d)), because plaintiff had waived maintenance in the dissolution of marriage proceeding. His argument below, although not briefed here, appeared to be that plaintiff's claim was barred by collateral estoppel. In pleading collateral estoppel, the defendant must show that some controlling fact or question, material to the determination of both causes, has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties. The Illinois Supreme Court has never modified the rule of mutuality of estoppel requiring identity of parties in both the former adjudication and the present adjudication. (*Anfinsen Plastic Molding Co. v. Konen* (1979), 68 Ill. App. 3d 355, 386 N.E.2d 108.) We believe, therefore, that the plaintiff's claim for the loss of his former wife's income was not barred by his waiving maintenance in the former dissolution of marriage action, and we must reverse the trial court's dismissal of count I.

We note that in pleading a cause of action for alienation of affections, plaintiff must allege that he had the love and affection of his spouse prior to the defendant's wrongful acts. (*Wheeler.*) Although we found that plaintiff did plead actual damages in count I of his amended complaint, he failed to include an allegation of his spouse's love and affection. But because defendant never specified this defect in his section 45 motion, we remand the cause of action to allow plaintiff an opportunity to plead anew.

■■■ In count II of the amended complaint, plaintiff alleged that he and his former wife enjoyed a good relationship, both emotionally and physically, and that because of defendant's acts, he has been deprived of the consortium of his wife. Whether loss of consortium can be recovered in an Illinois alienation of affections action depends upon whether loss of consortium is an actual damage. Although dictum in *Kniznik* suggests that loss of consortium constitutes actual damage, we think it does not. Consortium in Illinois is comprised of not only material services, but also the elements of companionship, felicity, and sexual intercourse. It includes a person's affections, society, and aid. (*Manders v. Pulice* (1969), 102 Ill. App. 2d 468, 242 N.E.2d 617.) Section 1 of the Act declares that "the action for alienation of affections has been subjected to grave abuses and

has been used as an instrument for blackmail by unscrupulous persons for their unjust enrichment, due to the indefiniteness of the damages recoverable in such actions and the consequent fear of persons threatened with such actions that exorbitant damages might be assessed against them." (Ill. Rev. Stat. 1979, ch. 40, par. 1901.) We think the elements of loss of consortium are the kinds of indefinitely measured damages for which the legislature intended to preclude recovery when it adopted the alienation of affections act, and therefore we affirm the trial court's dismissal of count II of the amended complaint.

Accordingly, the judgment of the Circuit Court of Kane County is affirmed in part, reversed in part, and the cause is remanded.

Affirmed in part, reversed in part, and remanded.

SEIDENFELD, P. J., and NASH, J., concur.