Cynthia ROBERTS, Plaintiff,

v.

Deborah ZEMEN, Defendant.

No. 98 C 2329.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 24, 2000.

Paul R. Shuldiner, Chicago, IL, for plaintiff.

William G. Clark, Jr., William G. Clark, Jr., & Assoc., Chicago, IL, for defendant.

## ORDER

ROSEMOND, United States Magistrate Judge.

Before the Court is *"Defendant's Amended Petition For Sanctions Pursuant To Federal Rule 11."* **The motion is granted.**

 The underlying action is one for alienation of affections, the elements of which are (1) love and affection of the spouse for the plaintiff; (2) *actual damages;* and (3) overt acts, conduct or enticement on the part of the defendant causing those affections to depart.[1] Damages in an alienation of affections action are limited to *actual damages sustained* as a result of the injury complained of.[2] An allegation of loss of the estranged spouse's income will fulfill the pleading requirement of actual damages.[3] The complaint herein fails to make any such pleading. It conclusorily pleads that "[t]he amount in controversy exceeds $75,000", and that since the estranged husband has been "engaged in a relationship with the defendant, he has dissipated the marital assets and deprived the wife of her lawful expectancy in the amount of approximately $2,000 per month. This amount exceeds the jurisdictional limit of this Court."[4] The date *when* the $2,000 *per* month monetary deprivation began is not alleged. The complaint fails to plead any facts from which a computation of damages or the requisite jurisdictional amount may be made. Accordingly, it is conclusory, and otherwise not well-pleaded. It is plaintiff's counsel's failure to plead a factual basis for his jurisdictional allegation that subjected the complaint to challenge from the very beginning of the litigation.

 In *"Plaintiff's Response To Defendant's Amended Petition For Sanctions,"* plaintiff's counsel acknowledges that in a Rule 11 sanctions controversy "the conduct of the signer must be judged by inquiring as to what was reasonable to believe at the time

1. *See generally, Coulter v. Renshaw,* 94 Ill.App.3d 93, 418 N.E.2d 489, 49 Ill.Dec. 635 (2d Dist. 1981).

2. *See generally, Kniznik v. Quick,* 130 Ill.App.2d 273, 264 N.E.2d 707 (1st Dist.1970).

3. *Coulter v. Renshaw,* 94 Ill.App.3d 93, 96, 418 N.E.2d 489, 491, 49 Ill.Dec. 635, 637 (2d Dist. 1981).

4. *"Complaint In Alienation Of Affections"*, ¶¶ 2 and 7, respectfully (filed April 15, 1998) (Docket Entry No. 1).

the pleading was signed." In the *instant* case, pre-litigation inquiry into whether or not the plaintiff could establish the jurisdictional amount to maintain a diversity action in federal court was not only reasonable, but paramount. *"An attorney has an affirmative duty to investigate the facts prior to subscribing any motion or other paper".*[5] A rudimentary calculation of the damages was necessary for jurisdictional reasons and to properly plead the cause of action and, therefore, should have been made long before filing the lawsuit.

On August 6, 1998, at the parties' first court appearance, the District Judge himself focused upon the jurisdictional amount issue, stating that "if the potential damages … d[id] not come up to $75,000, then [he] d[id] not have jurisdiction."[6] He reminded the parties that although he had "peripherally addressed" the issue in his ruling on the defendant's "motion to dismiss", the parties knew full well that a motion to dismiss was a far cry from a motion for summary judgment.[7] Given the District Judge's voiced concerns on the issue, *serious* inquiry on the subject should have been made then. *It was not.*

*Perforce,* serious inquiry should have been made after plaintiff's receipt of the defendant's November 6, 1998 letter:

Dear [Plaintiff's Counsel]:

Please be advised that Ms. Deborah Zemen retained our office to defend her against the *Complaint for Alienation of Affections* that your client filed in Federal Court. In June of 1998, Ms. Zemen paid our office a retainer of $4,000.00. At this time, there is virtually no amount remaining in the retainer. As Judge Marovich emphasized yesterday, litigation is extremely expensive in Federal Court and our client will likely incur a substantial amount of additional attorney's fees if the Federal case lingers on.

At this juncture, we are certain that your client cannot possibly maintain her burden of proving actual damages in excess of $75,000.00. Consequently, we are certain that the Federal Court has no jurisdiction over the case.

Pursuant to Federal Rule 11, you had the burden to properly investigate whether your client could satisfy the required amount in controversy to establish diversity jurisdiction. This investigation should have occurred prior to the complaint being filed. Had you properly investigated the amount of actual damages, we are confident that you would not have filed your client's action in Federal Court.

This letter is being sent as a professional courtesy to encourage you to voluntarily dismiss your client's Complaint for Alienation of Affections case, under number 98 C 2329 by November 15, 1998. In the event that you do not dismiss the case, we will file a Motion for Summary Judgment.

Very truly yours,

[Defense Counsel][8]

If an earnest search for jurisdictional supporting documentation had not been made prior to the above-quoted letter, it should have been made shortly thereafter. Particularly, since the thrust of the defendant's discovery demands were directed towards determining whether or not the plaintiff could establish the jurisdictional amount. Virtually at every court appearance the jurisdictional issue was raised.

Not only was the issue present from the very beginning of the lawsuit, but on numerous occasions the assigned Magistrate Judge told plaintiff's counsel how to respond to the discovery sought on the issue so that the issue could be unequivocally dealt with.[9] As

---

5. *Alvarado Morales v. Digital Equipment Corp.,* 669 F.Supp. 1173, 1187 (D.Puerto Rico 1987), *affirmed,* 843 F.2d 613 (1st Cir.1988).

6. *See generally,* Official Tape–Recording of the August 6, 1998 Proceedings before the District Judge.

7. *Id.*

8. Exhibit A, *"Defendant's Amended Petition For Sanctions Pursuant To Federal Rule 11."*

9. *See generally,* The Official Court Tape-Recordings of the October 27, 1998; November 3, 1998; and December 2, 1999 Proceedings before the Magistrate Judge.

revealed by the record herein, plaintiff's counsel deliberately dodged the issue at every turn,[10] even frivolously charging at one time that the plaintiff, a housewife, was a business—and not a person—and therefore entitled to produce documents on the issue in the ordinary course of her business.[11] Even with such a frivolous response, the *paucity* of *unorganized* documents actually produced did not establish the requisite jurisdictional amount. Indeed, at no time in this litigation has the plaintiff's counsel ever submitted documentation establishing the jurisdictional amount, despite repeated discovery demands and court directives to do so. Contrary to plaintiff's counsel's assertions, neither the issues surrounding damages or the requisite jurisdictional amount are difficult or in any way complicated matters.

Reasonable inquiry into whether or not the requisite jurisdictional amount could be established should have and would have begun with an earnest effort to determine *when* the plaintiff's damages began. And, this fact should have and would have been learned *via* a properly conducted interview with the client. A properly conducted interview would also have revealed how much money *per* month the plaintiff's husband generally contributed to the needs of the family and the household.

According to the defendant—*and we agree*—a properly conducted interview with the plaintiff would have disclosed that prior to July 11, 1996, the plaintiff incurred no actual damages of any kind whatsoever, and would further have disclosed the husband's customary monthly monetary contribution to the needs of the family and to the plaintiff's comfort and style of living prior to that date.[12] Such an interview would also have revealed that from July 12, 1996 until November 1, 1997, the plaintiff's husband ceased depositing his paychecks into the family checking account for the plaintiff's use,

and only continued to pay (1) the monthly mortgage payments to keep a roof over the family's head, and (2) the children's tuition bills to keep them in school.[13]

Such an interview would have further revealed that in November of 1997, due to the husband's drastic reduction in monetary support of the family, the plaintiff sought and obtained judicial intervention. In the same month, the Circuit Court of Cook County ordered the husband to pay $2000 *per* month to the plaintiff as temporary unallocated maintenance and family support.[14] This court-ordered obligation obviously significantly reduced the plaintiff's overall damages.

In any event, as defendant correctly argues, had plaintiff's counsel made reasonable inquiry into the factual basis for the jurisdictional allegations, he would have learned of the following, *to-wit:*

(1) the *status quo* of the funds available to the plaintiff and her children prior to July 11, 1996,

(2) the amount of the funds customarily paid by the husband to maintain and support the plaintiff and her four children,

(3) the date when the husband ceased making maintenance and support payments,

(4) the date when the husband became judicially obligated to pay temporary unallocated family support payments of $2000 *per* month.[15]

■ Plaintiff's counsel failed to obtain the minimum information necessary to determine whether or not the controversy at issue exceeded $75,000. Without the minimum information necessary to calculate the amount in controversy, he should not have filed the complaint herein. Plaintiff's counsel failed to properly investigate his case. The very na-

---

10. *Id.*

11. *See generally,* November 3, 1998 Official Court Tapes.

12. *"Defendant's Reply To Plaintiff's Response To Amended Petition For Sanctions Pursuant To Federal Rule 11,"* at 2.

13. *Id.*

14. *"Defendant's Reply To Plaintiff's Response To Amended Petition For Sanctions Pursuant To Federal Rule 11,"* at 2 and 3.

15. *Id.,* at 3.

ture of the case should have alerted him to invest greater energy and effort into his investigation. Alienation of Affection cases are not routine federal causes of action, and they are disfavored in the State of Illinois. He knew or should have known that a jurisdictional challenge was more likely than not, and should have been prepared to meet it. He was negligent in not being so prepared. And, after the filing of the lawsuit, no excuse whatsoever exists for his not meeting the issue head-on. He was bombarded with the issue at every turn, and still he refused to properly investigate the matter. It is well-established that when an attorney fails to make reasonable efforts to determine that his pleading is well-grounded in fact, Rule 11 sanctions are mandatory.[16]

■ *Plaintiff's counsel's proffered defense is wholly without merit.* In *"Plaintiff's Responses To Defendant's Amended Petition For Sanctions"*, counsel states that the reason that he voluntarily dismissed the case was due to the defendant's deposition testimony,

> that she had thrown [the husband] out of her home for approximately a year.... At that point, counsel believed that it was irresponsible to continue litigating the case because at that point in time, it would have been difficult to prove a proximate cause between the actions of the defendant and the lack of funds to the family for that period.[17]

The above argument is vague in that plaintiff's counsel never explains how the facts learned in the defendant's deposition have anything to do with whether or not he had the requisite jurisdictional amount in damages *when* he pleaded and filed his case. *Diversity jurisdiction is not lost simply* because a party is subsequently *"adjudged to be entitled to recover less than the sum or value of $75,000, [which is] computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled."*[18] The requisite jurisdictional amount is determined in the first instance by the plaintiff's claims[19], *not* the sum ultimately found to be due. Consequently, if the plaintiff had the requisite jurisdictional amount in the *first instance*, it matters not that the defendant may subsequently be found to be entitled to a setoff or credit. Moreover, plaintiff has never demonstrated that alienation of affection decisional law would absolve the defendant of any responsibility for alienating the husband's affections simply because at some point during the relevant time period the defendant herself eventually "kicked [the estranged husband] out of her house."[20] Indeed, as we understand alienation of affection decisional law, the conduct of the defendant "need not be the sole cause of the alienation of affections," in any event.[21] It suffices, if the defendant is the *controlling or effective cause* of the alienation, even though there might be other causes, which contributed to the alienation.[22] Accordingly, *assuming arguendo,* that the defendant was, *in the first instance,* the controlling or effective cause of the alienation, it matters not that at some later date during the relevant time period the husband himself, in turn, became estranged from the defendant. In any event, this turn of events has nothing to do with whether or not the plaintiff ever had a factual basis in the *first instance* to plead the requisite jurisdictional amount.

■ We find plaintiff's counsel's purported ground for the voluntary dismissal of the

**16.** *Alvarado Morales v. Digital Equipment Corp.,* 669 F.Supp. 1173, at 1183, *affirmed,* 843 F.2d, at 618.

**17.** *"Plaintiff's Response To Defendant's Amended Petition For Sanctions"*, at 2.

**18.** 28 U.S.C.A. § 1332(b).

**19.** *Wenning v. Jim Walter Homes, Inc.,* 606 F.2d 784 (7th Cir.1979); and *Sears, Roebuck & Co. v. American Mut. Liability Ins. Co.,* 372 F.2d 435 (7th Cir.1967).

**20.** Generally speaking, the only defenses to an action for alienation of affections are the plaintiff's consent, the defendant's lack of knowledge of the existence of the marriage, and the statute of limitations. *Bearbower v. Merry,* 266 N.W.2d 128, 130 (1978), *citing, Frank v. Berry,* 128 Iowa 223, 103 N.W. 358 (1905).

**21.** *Nelson v. Jacobsen,* 669 P.2d 1207, 1218 (Utah 1983).

**22.** *Id.*

case to be unsubstantiated by any case law, or reason, and otherwise wholly without merit. The fact remains that plaintiff's counsel has *never* established that his client ever had the requisite jurisdictional amount at any time during these proceedings, and we shall not permit him to shift the blame therefor to any one else, or to otherwise excuse his negligence in this regard.

*"Plaintiff's Response To Defendant's Amended Petition For Sanctions"* further acknowledges that "[o]ne way of calculating the measure of harm that a sanctionable pleading or suit has caused the opponent is by the amount paid in attorney's fees".[23] Accordingly, defendant is entitled to all of her attorneys' fees sought because the jurisdictional amount should have been known with reasonable certainty prior to the filing of the lawsuit, and plaintiff's counsel's failure to investigate and make the proper determination in this regard was inexcusable.

***Our review of the defendant's amended fee petition shows that the work performed and the hourly rate charged are reasonable.*** Had plaintiff's counsel abided by his Rule 11 obligations, none of the defendant's federal court expenses would have been incurred. Accordingly, the fee petition is approved and granted in every respect.

The same facts supporting a Rule 11 award of attorneys' fees, as well as the record in its entirety, also supports an award of fees under 28 U.S.C. § 1927.

***Therefore, it is adjudged, decreed, and ordered as follows:***

1. *"Defendant's Amended Petition For Sanctions Pursuant To Federal Rule 11"* is approved and granted in every respect.

2. Attorneys fees and costs are awarded as a Rule 11 sanction for plaintiff's counsel's failure to conduct a reasonable inquiry to determine whether or not the plaintiff satisfied the requisite jurisdiction amount necessary to maintain a diversity action.

3. Rule 11 sanctions are assessed because notwithstanding the Magistrate Judge's constant and continuous admonitions to plaintiff's counsel to calculate the damages to determine if the jurisdictional requirements were met, plaintiff's counsel obstinately refused to do so.

4. Rule 11 sanctions are awarded because plaintiff's counsel continuously represented to the Magistrate Judge that he had in fact calculated the damages necessary to satisfy the jurisdictional amount, when in fact he had not done so.

5. Rule 11 sanctions are awarded against the plaintiff's counsel ***only, and not against the plaintiff herself.*** The attorney herein was negligent and derelict in his duty and Rule 11 obligations, and may not pass his responsibilities off on to his client.

6. Attorneys' fees in the amount of $8,609.30 are hereby assessed against the plaintiff's counsel in favor of the defendant.

7. The same facts supporting a Rule 11 award of attorneys' fees, as well as the record in its entirety, also supports an award of fees under 28 U.S.C. § 1927. Accordingly, attorneys' fees and costs are also awarded under this statute as well.

8. The fees are to be paid by certified check within 60 days of the date of this *Order.*

9. ***The fees are assessed against counsel.*** He may not pass the fee award on to the plaintiff, or otherwise bill her for the amount. The negligence was solely that of counsel, and he may not pass it on to the plaintiff.

10. Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties must file their objections to the Order with The Honorable George M. Marovich within 10 days after being served with a copy of the Order. Failure to file objections within the specified time period waives the right to appeal the Magistrate Judge's Order.[24]

***So Ordered.***

---

23. *"Plaintiff's Response To Defendant's Amended Petition For Sanctions,"* at 5.

24. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir.1986). *See also, Provident Bank v.*

*Manor Steel Corporation,* 882 F.2d 258, 261 (7th Cir.1989) (when a matter has been referred to a Magistrate Judge, acting as a special master or § 636(b)(2) jurist, a party waives his right to appeal if he has not preserved the issues for appeal by first presenting them to the District Judge as objections to the Magistrate Judge's order).