*In re* MARRIAGE OF CLAUDIA L. DE ROSA, Petitioner-Appellant, and FRANCIS P. DE ROSA, Respondent-Appellee—(Betty Liberty, Respondent.)

First District (5th Division)   No. 82—2437

Opinion filed June 17, 1983.

Feiwell, Galper & Lasky, Ltd., of Chicago (Barbara J. Vrdolyak, of counsel), for appellant.

Kaufman and Litwin, Ltd., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

This is an interlocutory appeal from an order entered on October 8, 1982 allegedly modifying a prior agreed order for preliminary injunction entered on October 23, 1981 during the pendency of a dissolution of marriage proceeding between Claudia De Rosa, petitioner, Dr. Francis De Rosa, respondent, and Betty Liberty, corespondent. The subsequent order allowed respondent to sell 10 of the parties' 34 thoroughbred horses acquired during the marriage although the prior injunctive order had mutually enjoined them from transferring any marital assets "except in the normal and usual course of business." Petitioner appealed pursuant to Supreme Court Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)).

Petitioner contends on appeal that (1) the October 8, 1982, order is appealable on an interlocutory basis as a matter of right pursuant to Supreme Court Rule 307(a)(1); (2) the trial court abused its discretion in modifying the injunctive order, and (3) the trial court erred in denying her petition for rule to show cause.

The pertinent facts follow.

Petitioner and respondent, a urological surgeon, were married on December 18, 1967, and had one minor child, Melanie. During the course of their marriage, they engaged in the purchase, breeding, training, and racing of thoroughbred horses, primarily in Florida.

On October 14, 1981, petitioner filed her petition for dissolution of marriage against respondent seeking, *inter alia*, dissolution of the parties' marriage, custody of Melanie, maintenance, child support, and a just division of marital property. Respondent counterpetitioned on October 27, 1981, and thereafter both parties amended their respective petitions:

On October 23, 1981, the trial court entered an agreed order which provided in pertinent part that: "(1) Petitioner, Claudia L. De Rosa, and Respondent, Francis P. De Rosa, are hereby mutually enjoined and restrained from selling, transferring, dissipating, secreting or in any other manner disposing of any assets acquired during the course of the parties' marriage, until further order of court, except in the normal and usual course of business."

Respondent began arrangements in April 1982 to sell 10 horses—4 yearlings and 6 broodmares—and paid all entry and registration fees to enter the horses in auctions commencing September 26, 1982, and October 10, 1982, in Ocala, Florida.

On September 8, 1982, respondent filed a petition requesting that he be granted the right to sell the 10 horses in order to pay outstanding costs and expenses relative to maintaining the horses, and that the funds be reserved to satisfy and pay capital gain taxes with the remaining proceeds escrowed to satisfy future expenses.

Petitioner responded to this petition on September 15, 1982, and objected to any sale of horses as a transfer of assets in violation of the agreed injunctive order. Prior to a ruling on his petition, respondent sold a yearling, "Run for the River," for $10,000 at the auction held on September 26, 1982. Petitioner thereupon filed a petition for rule to show cause against him for violation of the injunctive order.

At the hearing held on respondent's petition on October 7 and 8, 1982, respondent testified that he had been in the horse business for 20 years and had never placed horses, jointly owned with petitioner, in a sale before. He further testified that in 1981, the cost of operation and expenses for the horse business totalled $216,583 with gross income of $90,320 resulting in a net operating loss of $126,263 and that the cost of operation and expenses for the horse business from January through August 1982 was $155,000 with a gross income for that period was $85,000.

His net income from his medical practice for 1981 was $193,915 and for the January through August 1982 period was $85,000.

He testified that it required expenditures of $15,000 to $16,000 per month to maintain the horse business and that as of October 8, 1982, he was unable to pay the $35,000 of outstanding debts. Although he had cashed a bearer bond and received the amount of $33,796.68 in July 1982 and paid some expenses incurred in the horse business with those funds, he had no specific recollection as to which bills were paid.

On cross-examination, he testified that he had no opinion as to the value of any of the 10 horses he intended to sell.

Petitioner testified on direct examination that she had been involved in the horse business for over 25 years. She was familiar with the buying and selling of horses and was knowledgeable as to the current market for horses. She placed a value of at least $320,000 for five of the broodmares entered in the October auction.

The trial court found (1) "the petition of Frances [*sic*] De Rosa is not a petition to dissolve or modify the injunction now in effect" and (2) "the sale of horses does not violate the injunction in effect; buying and selling of horses being inherent in the horse business and is in the ordinary and usual course of businesses." The trial court then entered the order of October 8, 1982, granting respondent the right to sell certain of the parties' horses with the proceeds to be deposited in a segregated account and respondent to "strictly account for all funds received from said sale and disbursed," and denying petitioner's motion for stay and petition for rule to show cause.

Petitioner filed her notice of interlocutory appeal and emergency motion for stay on October 8, 1982. Respondent's motion to strike and dismiss the interlocutory appeal was taken with the case.

OPINION

■ We first consider whether this court has jurisdiction to hear this appeal. Petitioner contends that the October 8, 1982, order is appealable as a matter of right pursuant to Supreme Court Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)) because it was a modification of the previous injunction. We agree.

Supreme Court Rule 307 provides in pertinent part that: "An appeal may be taken to the Appellate Court from an interlocutory order of court: (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction; ***" (87 Ill. 2d R. 307), and we note "that in determining what constitutes an injunction order subject to interlocutory review the courts [will] look to the substance rather than to the form [of the order]." *Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177, 180, 303 N.E.2d 1, 3.

The threshold question, therefore, is whether the order of October 8, 1982, which contained language that the injunction was not dissolved or modified, in actuality had the opposite effect of modifying the injunction.

A similar issue was considered in *People ex rel. Scott v. Silverstein* (1981), 94 Ill. App. 3d 431, 418 N.E.2d 1087, where the court held that a preliminary injunction which prohibited the sale of "any assets" of a museum had been modified, by a subsequent order which permitted the sale of assets other than museum artifacts.

In the present case, the subsequent order allowing the sale of the parties' horses was in essence a modification of the original preliminary injunction which had enjoined the sale of any assets except in the ordinary course of business. Accordingly, we find that a determination of the validity of the order of October 8, 1982, is within our jurisdiction.

■ We now turn to consider whether the trial court abused its discretion in modifying the injunctive order. It is clear that the trial court possesses a broad discretionary power in the grant or denial of a preliminary injunction and thus, the exercise of such discretion will not be disturbed by a court of review absent abuse. *People ex rel. Bolton v. Progressive General Insurance Co.* (1967), 84 Ill. App. 2d 109, 228 N.E.2d 146.

In the present case, petitioner strenuously argues that the contemplated sale of horses was not in the "normal and ordinary course of business" because respondent testified that he had never placed horses in a sale before. However, a review of the record indicates that the horse business was in fact operating at a loss in 1981 and 1982, and, further, that respondent was infusing funds derived from his medical practice to cover operating losses and to maintain the viable nature of the horse business.

Furthermore, while we are cognizant of the hostile nature of the litigation between the parties and of petitioner's argument that such a sale would greatly diminish the marital estate and prejudice her rights therein, the October 8, 1982, order requires respondent to account strictly for any funds received from said sale and which would be deposited in a segregated account.

Thus, under the circumstances of the case, we cannot say that the trial court abused its discretion in modifying the injunctive order.

Accordingly, because of our resolution of this case, we need not reach the issue of the denial of petitioner's rule to show cause.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

MEJDA and O'CONNOR, JJ., concur.