*In re* MARRIAGE OF BARBARA ANN GRAUER, Petitioner and Counter-respondent-Appellee, and PAUL W. GRAUER, Respondent and Counterpetitioner-Appellant.

First District (5th Division)   No. 84—1794

Opinion filed May 24, 1985.

1020

Nancy L. Kaszak, of Chicago, for appellant.

Robert E. Senechalle, Jr., of Senechalle & Murray, P.C., of Arlington Heights, for appellee.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Respondent and counterpetitioner Paul W. Grauer (the husband) appeals from orders enjoining him from using or disposing of $60,000 received from his law practice. The orders were granted on a motion brought by petitioner and counterrespondent Barbara Ann Grauer (the wife) during the pendency of dissolution proceedings between the parties. The trial court granted the wife's motion and ordered the husband to transfer the aforementioned $60,000 to a segregated account pending a determination of the money as marital property in the dissolution proceeding. Thereafter, the husband filed an interlocutory appeal contending that the orders were improper and asking this court to reverse and remand said orders. We affirm.

The husband and the wife were married in 1965 and separated in 1981. They have three children who currently reside with the husband. The husband is an attorney and has been licensed in Illinois since 1971. The husband presently maintains a law office in Schaumburg. The wife is employed as a medical assistant.

Following the couple's separation, the wife filed a petition for dissolution of marriage on August 27, 1981. On May 19, 1983, the husband filed a counterpetition for dissolution. The wife's petition was later dismissed and the case continued on the husband's counterpetition.

On May 14, 1984, the wife filed an emergency motion for a temporary restraining order (a TRO) or a temporary injunction seeking to enjoin the husband from disposing of $100,946.61 due to be paid him for legal services. The trial court granted the wife's motion and entered a TRO prohibiting the husband from using or disposing of the

entire amount for a 10-day period. On May 22, 1984, following a hearing on the matter, the trial judge entered a preliminary injunction to continue in effect until further order of the court. The injunction restrained use or disposal of $60,000 and allowed the husband to utilize the remaining $40,946.39 for business and personal expenses. On May 25, 1984, the husband filed an interlocutory appeal alleging that both injunctive orders had been improper and asking that both orders be reversed and remanded.

On April 8, 1985, the day before appellate arguments were heard, the trial court entered judgment dissolving the marriage between the husband and the wife. The dissolution judgment lifted the preliminary injunction and disposed of the previously enjoined $60,000, awarding the first $42,000 to the wife and the balance to the husband, with the provision that a lien be impressed in favor of the wife's attorneys to the extent that the fees awarded remain unpaid. The court additionally ordered the husband to pay $18,000 to the wife's attorneys as contribution towards her attorney fees. The wife subsequently filed a motion to dismiss this appeal, contending that the dissolution order has rendered the appealed issue moot. The husband has responded by arguing that the issue is not moot, since a determination that the orders were improper would entitle the husband to any damages which have accrued during the pendency of the injunction. The motion to dismiss was taken with the appeal for consideration.

OPINION

I

■ Since a finding of mootness would preclude further review, this court must first determine if the wife's contention in this matter is accurate. The wife correctly argues that the preliminary injunction was terminated by the dissolution proceeding. The wife is incorrect, however, in assuming that the termination of the injunction removed all matters in controversy between the parties. If injunctive relief has been improperly granted, the injured party, after demonstrating the invalidity of the order, may seek damages for injuries accrued during the injunctive period. (Ill. Rev. Stat. 1983, ch. 110, par. 11—110; *In re Marriage of Schmidt* (1983), 118 Ill. App. 3d 467, 473, 455 N.E.2d 123.) Thus, even though the injunction has been dissolved, this court must review the propriety of the original injunctive orders.

II

On appeal, the husband maintains that the injunctive orders en-

tered by the trial court were improper and invalid. The husband specifically argues the following issues: (1) that injunctive relief violates section 501(a)(2)(i) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983 ch. 40, par. 501(a)(2)(i)); (2) that the wife's motion for the TRO was legally insufficient under section 11—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 11—101); (3) that the trial court denied the husband a full and adequate hearing before issuing the preliminary injunction; and (4) that the injunction order itself was legally defective.

## A

■■ The husband contends that the preliminary injunction violated section 501(a)(2)(i) because it restrained funds related to the husband's law practice. The husband argues that section 501 prohibits injunctive relief during the pendency of a dissolution proceeding if the injunction interferes with the day-to-day operation of the party's business. However, neither the husband's brief nor our own research supports this assertion.

Section 501(a)(2)(i) of the Illinois Marriage and Dissolution of Marriage Act states in pertinent part:

"In all proceedings under this Act, temporary relief shall be as follows:

(a) Either party may move for;
* * *

(2) A temporary restraining order or preliminary injunction, accompanied by affidavit showing a factual basis for any of the following relief;

(i) restraining any person from transferring, encumbering, concealing or otherwise disposing of any property except in the usual course of business or for the necessities of life, and, if so restrained, requiring him to notify the moving party and his attorney of any proposed extraordinary expenditures made after the order is issued." Ill. Rev. Stat. 1983, ch. 40, par. 501(a)(2)(i).

Our plain reading of the statute leads us to conclude that it does not preclude the enjoining of business assets. Rather, section 501 indicates that if business property is restrained, the enjoined party may apply for modification of the injunctive order in the event that extraordinary expenditures are required. *In re Marriage of De Rosa* (1983), 115 Ill. App. 3d 774, 451 N.E.2d 13.

Here the trial court took great care in designing an order which was fair and equitable to both parties. After receiving the wife's mo-

tion, the trial judge permitted the husband to file an answer, a motion to dissolve the injunction, and a memorandum in opposition to the injunction. In addition, the husband presented the court with an itemized account of the business and personal expenses for which he claimed the money was needed. After reviewing this data, the court concluded that the husband needed $40,946.39 of the total amount in order to maintain his business and personal life. In addition, the order stated that the husband could apply for modification in the event that the extraordinary needs arose.

Given these circumstances, the husband's assertion is without merit. The trial court entered an order carefully designed to avoid harm to the husband's business and personal finances while simultaneously protecting the wife's interests. Further, the trial judge agreed to modify the order should the need arise. Under these circumstances, the trial court has complied with section 501, and the husband's contention is groundless.

## B

■ The husband's second argument is that the wife's motion for the TRO was legally insufficient under section 11—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 11—101). The husband specifically contends that the wife's motion failed to demonstrate the inadequacy of a legal remedy, immediate and irreparable injury, a clearly ascertainable right requiring protection, and the probability of prevailing on the merits of the underlying action. The husband maintains that these insufficiencies should have prevented the court from entering the TRO.

A court will not enter a TRO, or any other injunctive action, unless it can be demonstrated that the movant has no adequate remedy at law. (*Allstate Amusement Co. v. Pasinato* (1981), 96 Ill. App. 3d 306, 421 N.E.2d 374.) Further, a motion must allege facts which themselves establish the inadequacy of any available legal remedy. (*Larkin v. Howlett* (1974), 19 Ill. App. 3d 343, 311 N.E.2d 367.) Here, the wife's complaint demonstrated that injunctive relief was necessary to prevent loss of the entire fund. In so doing, the wife has alleged facts which indicate the inadequacy of any legal remedy available to her. Thus, her motion was not defective in this regard.

■ The husband correctly maintains that a motion for a TRO must allege facts demonstrating that the movant will suffer immediate and irreparable injury absent injunctive relief. (*Bullard v. Bullard* (1978), 66 Ill. App. 3d 132, 383 N.E.2d 684.) The wife, however, has met this requirement. The wife's motion described both the husband's

frequent attempts to hide or divert assets and the fact that he was, at that time, over $50,000 in arrears in support payments to the wife. These facts alone provide a sufficient basis from which one could infer irreparable harm absent court protection.

■■ The husband is also incorrect in contending that the wife has failed to demonstrate an ascertainable interest. In support of her motion, the wife properly maintains her right to claim the income from the husband's legal practice as part of her marital property settlement. (*Cf. In re Marriage of White* (1981), 98 Ill. App. 3d 380, 424 N.E.2d 421; *Coulter v. Renshaw* (1981), 94 Ill. App. 3d 93, 95-96, 418 N.E.2d 489.) Thus, the wife's motion does demonstrate an ascertainable and legally protectable right.

■■ Finally, the husband contends that the wife has failed to show a likelihood of success on the merits of the underlying action here. Initially, this contention is offset by the strength of the wife's previous arguments. Moreover, the subsequent dissolution order indicated that the wife did prevail in that the balance of the fund in question was awarded to her. Even without these arguments, however, the husband's contention here must fail. The wife's motion requested an order preserving the status quo between the parties and protecting property which would be lost or dissipated. Under such circumstances, injunctive relief may be granted even if the movant's ultimate success on the merits is in serious doubt. (*Hoffman v. Wilkins* (1971), 132 Ill. App. 2d 810, 818, 270 N.E.2d 594; *Fishwick v. Lewis* (1930), 258 Ill. App. 402, 410.) Based on the foregoing, we conclude that the wife's motion for the TRO was properly presented and properly granted.

## C

■■ In his third ground for appeal, the husband maintains that the trial court denied him a full and adequate hearing prior to granting the preliminary injunction. The husband is correct in arguing that such a hearing is required before a preliminary injunction may be granted. (*Hoda v. Hoda* (1970), 122 Ill. App. 2d 283, 258 N.E.2d 386.) The record, however, indicates that this requirement was fulfilled. As stated in section II—A of this opinion, the trial court permitted the husband to file a memorandum in opposition to the preliminary injunction as well as an itemized statement indicating his business and personal financial needs. The husband, therefore, was able to present formal arguments against injunctive action. Furthermore, the transcript in no way indicates that the husband was denied his opportunity to speak at the hearing. In fact, the transcript reveals that the husband chose to accept the preliminary injunction as a compromise whereby

he obtained immediate use of some of the money in question. The husband cannot now challenge the court's order after accepting a benefit arising from same. (*United Typesetting Co. v. Congress Trust & Savings Bank* (1934), 278 Ill. App. 224; see also *Libbra v. Mt. Olive & Staunton Coal Co.* (1961), 29 Ill. App. 2d 396, 402, 172 N.E.2d 813.) Thus, again we find the husband's contention to be without merit.

D

■ Finally, the husband maintains that the preliminary injunction is facially defective. The husband argues that the order fails to specify either the irreparable harm to the wife or the reasons for issuance of the relief. The husband also claims that the order exceeds its proper limits since it prohibits him from paying certain debts.

The husband's initial argument here is without merit. An injunctive order need not specify reasons for its issuance if the issues in the case are clear enough to apprise the opponent of the trial court's reasoning. (*Brooks v. La Salle National Bank* (1973), 11 Ill. App. 3d 791, 800, 298 N.E.2d 262.) Here, the trial transcript shows that the court clearly indicated its reasons for issuing injunctive relief. This being the case, further elucidation in the order itself was unnecessary. Thus, the order is not defective for failure to specify the irreparable harm or the reasons for its issuance.

■ The husband's second argument regarding the explicitness of the order is equally groundless. The husband claims that the trial court exceeded its authority by specifying how he was to spend the $40,946.39 designated for business and personal expenses. It is well settled, however, that an injunctive order should be as definite and precise as possible to avoid any excuse or reason for misunderstanding or disobeying its terms. (*People ex rel. Traiteur v. Abbott* (1975), 27 Ill. App. 3d 277, 327 N.E.2d 130; *Illinois Power Co. v. Latham* (1973), 15 Ill. App. 3d 156, 303 N.E.2d 448; *Hoffmann v. Hoffmann* (1965), 59 Ill. App. 2d 459, 208 N.E.2d 579.) We conclude, therefore, that the order is not defective and that the husband's argument is without merit.

For all the foregoing reasons, the wife's motion to dismiss for mootness is denied, and the orders granting TRO and preliminary injunction are affirmed.

Motion denied.

LORENZ and PINCHAM, JJ., concur.