No. 2--00--0925 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

In
 
re
 MARRIAGE OF SANDRA L. SCHMITT,

Petitioner-Appellee,

and

KIM A. SCHMITT,

Respondent-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court of Kane County.

No.  00--DK--0168

Honorable 

Patricia Piper Golden,

Judge, Presiding. 

JUSTICE GROMETER delivered the opinion of the court:

Sandra L. Schmitt filed a petition for dissolution of marriage from respondent, Kim A. Schmitt.  This interlocutory appeal concerns two separate orders entered by the circuit court of Kane County with respect to petitioner's petition.  One order directed respondent to pay certain monies to or on behalf of petitioner and to perform certain acts for petitioner's benefit.  The second order enjoined respondent and others from taking certain actions with respect to specified and unspecified assets.  Respondent argues that the trial court's orders are void 
ab initio
 because the trial court failed to acquire personal jurisdiction over him.  Respondent also contends that the trial court abused its discretion in entering its orders.  We affirm.

I.  FACTS

On February 4, 2000, petitioner filed a petition for dissolution of marriage from respondent.  On May 2, 2000, petitioner filed the following four pleadings: (1) petition for leave to file an amended petition naming additional respondents in discovery and for the appointment of a sequestrator to marshal certain assets owned directly or indirectly by respondent; (2) motion for temporary support; (3) petition for interim attorney fees and costs; and (4)  petition for preliminary injunction.

On May 30, 2000, the trial court granted petitioner leave to file her amended petition for dissolution of marriage.  The court's order also recognized that respondent had not been served with a summons.  The case was continued.

On July 13, 2000, petitioner filed a "Motion for Service by Special Order of the Court."  See 735 ILCS 5/2--203.1 (West 1998).  In her motion, petitioner explained that a summons, a first alias summons, and a second alias summons were returned "not found."  Petitioner alleged that respondent "willfully and intentionally engaged in a course of conduct calculated to evade service of process" and that respondent's "intentional evasion effort makes it impractical to serve him under" either subsection 2--203(a)(1) or (a)(2) of the Illinois Civil Practice Law (735 ILCS 5/2--203(a)(1), (a)(2) (West 1998)).  The motion further alleged that respondent was intentionally evading service of process "so that he can continue to transfer and dissipate assets before this Court gains control over the marital estate."  The motion identified three individuals upon whom substitute service could be made: (1) Lois Schmitt, respondent's mother; (2) Catherine Boness, respondent's alleged paramour and an employee of a corporation owned or controlled by respondent; and (3) Stephen Sullivan, an attorney who represented respondent in an unrelated Kane County case.  The motion also identified the law firm of Pancratz, Riffner & Scott, L.P.P. (Pancratz).  Pancratz represented respondent in a dissolution of marriage proceeding that he filed in the circuit court of Cook County.  That proceeding was voluntarily dismissed.

Attached to petitioner's motion was the affidavit of William B. Bochte, one of petitioner's attorneys.  Bochte stated that two different private investigation agencies had been unable to locate respondent.  Bochte also averred that the individuals and the law firm identified in the motion have access to and communication with respondent on a consistent and regular basis. 

Attached to Bochte's affidavit was the affidavit of and an investigative report prepared by Terry Vincent, a registered private detective retained by petitioner.  The investigative report detailed Vincent's efforts to serve respondent between May 26, 2000, and June 6, 2000.  Additionally, in his affidavit, Vincent averred that between June 15, 2000, and June 26, 2000, he made 11 unsuccessful attempts to serve respondent.

On July 13, 2000, the trial court granted petitioner's motion for service of summons by special order of the court.  The court concluded that service upon respondent was impractical under subsection (a)(1) or (a)(2) of section 2--203 of the Illinois Civil Practice Law.  735 ILCS 5/2--203(a)(1), (a)(2) (West 1998).  Accordingly, the court ordered service upon respondent by "leaving a copy of summons and petition with any two of the following five individuals or entities and thereafter mailing a copy in a sealed envelope with postage fully prepaid addressed to the [respondent] in care of any two of the individuals or entities served."  The court further ordered that one of the two individuals or entities served must be an attorney.  Although the order purported to list five individuals or entities upon which service could be made, there were actually only four such individuals or entities.  The order listed Boness at both her home address and her work address.  The other three individuals or entities were Lois Schmitt, Sullivan, and Pancratz.

Copies of the summons and return filed on July 17, 2000, show that the following three individuals were served: Stephen Sullivan, Catherine Boness, and Pat Dusek, a secretary with Pancratz.

On July 25, 2000, Sullivan filed a special and limited appearance for the purpose of filing a motion to quash service of summons on respondent.  In his motion, Sullivan stated that he has never represented respondent in an individual capacity in any legal matter.  Sullivan acknowledged that he represented respondent's business in an annexation matter.  However, Sullivan explained that  the annexation matter concluded six months prior to the court's July 13, 2000, order.  Sullivan averred that he "does not have, and has never had, personal contact with [respondent] so as to afford him opportunity to notify him concerning the service of summons."

The law firm of Riffner & Scott, P.C. (formerly Pancratz), also filed a verified motion to quash service of process.  In its motion, the law firm denied that it had access to or communications with respondent.  The law firm admitted that it had represented respondent in a proceeding for marriage dissolution filed in the circuit court of Cook County.  However, that case was voluntarily dismissed on May 9, 2000.  At that time, the law firm explained, its attorney-client relationship with respondent ceased.  Further, the law firm stated that it did not represent respondent in any other matters and it did not know respondent's whereabouts.

The trial court denied both motions to quash service.  The cause was continued to August 1, 2000, for a hearing on the pending motions and the status of the notification of respondent by the individuals served with process.

On August 1, 2000, Lyle Haskins filed a special and limited appearance on behalf of respondent.  Haskins also filed "Objections to Service of Process Pursuant to Special and Limited Appearance."  Haskins alleged that the affidavit filed in support of petitioner's motion for service by special order of the court was false, misleading, and perjurious.  Haskins further alleged that petitioner's motion for service by special order was a "fraud on the court designed to disenfranchise respondent and prevent him from exercising his rights to procedural and substantive due process."  The trial court overruled respondent's objections.  The court subsequently denied Haskins's request for a finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) that there is no just cause for delaying an appeal.

On August 2, 2000, the court entered two separate orders.  The first ruling was entitled "Order for Preliminary Injunction."  This order enjoined and restrained respondent, his officers, agents, employees, attorneys, and those persons in active concert or participation with him, from "withdrawing, spending, disposing of, encumbering, transferring, pledging, secreting, hypothecating, mortgaging, assigning for collateral purposes or otherwise, or in any way directly or indirectly alienating" any of the parties' assets "except in the ususal and ordinary course of business after seventy-two (72) hour written notice to the [petitioner] and her attorney."

The second ruling was simply labeled an "Order."  It required respondent "to pay and keep current the mortgage on the marital residence *** including principal, interest, taxes and insurance."  The order also required respondent "to pay and keep current all automobile, life, and health insurance covering the [petitioner] and the vehicle in [petitioner's] use."  In addition, the order directed respondent to pay petitioner (1) $10,000 per month as maintenance; (2) $5,000 for landscaping expenses and repairs necessary to the marital residence; and (3) $2,000 to offset travel expenses associated with transporting the parties' children to college.  Further, the court awarded petitioner's law firm interim attorney fees of $30,000 and costs of $5,000.  On August 11, 2000, respondent filed a notice of interlocutory appeal pursuant to Supreme Court Rule 307(a) (see Official Reports Advance Sheet No. 16 (August 9, 2000), R. 307(a), eff. July 6, 2000) from the trial court's August 2, 2000, orders. 

Subsequently, petitioner filed a citation to discover assets based upon respondent's failure to satisfy the $30,000 judgment for attorney fees entered by the trial court on August 2, 2000.  On November 2, 2000, the trial court entered an order requiring the trustees of several land trusts to prepare and execute trustees' deeds transferring the beneficial interest held by respondent to petitioner's counsel.

On November 29, 2000, respondent filed an emergency motion to stay the trial court's November 2, 2000, order.  This court granted respondent's motion on November 30, 2000.  Subsequently, petitioner filed (1) a motion to vacate our November 30, 2000, order and (2) a motion to dismiss respondent's appeal.  Respondent then filed a response to petitioner's motions.  We ordered both motions and respondent's response thereto taken with the case.  We now deny petitioner's motion to vacate our November 30, 2000, order.  We discuss petitioner's motion to dismiss below.

II.  ANALYSIS

A.  Motion to Dismiss

In her motion to dismiss respondent's appeal, petitioner argues that respondent waived any challenge to personal jurisdiction by filing with this court on November 29, 2000, the emergency motion to stay the trial court's November 2, 2000, orders.

Prior to January 1, 2000, section 2--301 of the Illinois Civil Practice Law (735 ILCS 5/2--301 (West 1998)) provided in pertinent part:

"Special Appearance.  (a) Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant.  A special appearance may be made as to an entire proceeding or as to any cause of action involved therein.  Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance."  735 ILCS 5/2--301 (West 1998).

However, effective January 1, 2000, section 2--301 was amended.  Pub. Act 91--145, § 10, eff. January 1, 2000 (now 735 ILCS 5/2--301 (West Supp. 1999)).  Section 2--301 now provides in pertinent part:

"Objections to jurisdiction over the person.  

(a) Prior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear, a party may object to the court's jurisdiction over the party's person, either on the ground that the party is not amenable to process of a court of this State or on the ground of insufficiency of process or insufficiency of service of process, by filing a motion to dismiss the entire proceeding or any cause of action involved in the proceeding or by filing a motion to quash service of process.  Such a motion may be made singly or included with others in a combined motion, but the parts of a combined motion must be identified in the manner described in Section 2-619.1.  Unless the facts that constitute the basis for the objection are apparent from papers already on file in the case, the motion must be supported by an affidavit setting forth those facts.

(a-5) If the objecting party files a responsive pleading or a motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a motion in compliance with subsection (a), that party waives all objections to the court's jurisdiction over the party's person."  735 ILCS 5/2--301 (West Supp. 1999).

Prior to the amendment of section 2--301, it was well established that any action taken by a litigant that recognized a case as being in court amounted to a general appearance unless such action was for the sole purpose of objecting to jurisdiction over the person.  
Harris v. Wally's World of Fun, Ltd.
, 279 Ill. App. 3d 61, 64 (1996);  
In re Estate of Zoglauer
, 229 Ill. App. 3d 394, 397 (1992); 
Coletti v. Crudele
, 169 Ill. App. 3d 1068, 1075 (1988).

However, when the legislature amends a statute, it is presumed that it intended to effect some change in the law as it formerly existed.  
People v. Swartwout
, 311 Ill. App. 3d 250, 264 (2000).  In this case, we interpret the legislature's changes to section 2--301 to evince its intent to permit a party to file a motion or other responsive pleading after the party objects to the court's jurisdiction over the party's person.  Moreover, as long as the party files the motion or other responsive pleading after he or she objects to the court's jurisdiction over the party's person, the party does not waive its objections to the court's jurisdiction over the party's person.  The amended version of section 2--301 was in effect at the time these proceedings began.  Since respondent filed his emergency motion after he objected to the court's jurisdiction over his person, we find that respondent has not waived the jurisdictional issue.

B.  Personal Jurisdiction

Respondent argues that the trial court's August 2, 2000, orders must be vacated as void 
ab initio
 because the court never obtained personal jurisdiction over him.  Respondent notes that he was never personally served.  Morever, he asserts that the substitute service ordered by the trial court pursuant to section 2--203.1 of the Civil Practice Law (735 ILCS 5/2--203.1 (West 1998)) was not effective.

Petitioner argues that this interlocutory appeal is an attempt by respondent to have this court review the trial court's denial of his motion to quash service by circumventing the trial court's refusal to make a finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).  On the merits, petitioner argues that the  trial court properly obtained personal jurisdiction over respondent through service secured in compliance with section 2--203.1.

If a party is not properly served with summons, the trial court does not obtain personal jurisdiction over that party.  
DiNardo v. Lamela
, 183 Ill. App. 3d 1098, 1101 (1989).  Where a trial court does not have personal jurisdiction over a party, any order entered against him is void 
ab initio
 and subject to direct or collateral attack at any time.  
DiNardo
, 183 Ill. App. 3d at 1101.  Accordingly, we will address respondent's argument. 

In Illinois, personal jurisdiction may be obtained by service of process as provided by statute.  
Dec v. Manning
, 248 Ill. App. 3d 341, 347 (1993).  Subsections 2--203(a)(1) and (a)(2) of the Civil Practice Law (735 ILCS 5/2--203(a)(1), (a)(2) (West 1998)) provide for service of process by leaving a copy of the summons with the respondent personally or by leaving a copy at the respondent's usual place of abode with some person of the family or a person residing there of the age 13 years or older.  Apparently unable to serve respondent by either of these methods, petitioner invoked section 2--203.1 of the Civil Practice Law (735 ILCS 5/2--203.1 (West 1998)).  Section 2--203.1 provides that, if service by either of the two methods listed above is "impractical," the petitioner may move, without notice, "that the court enter an order directing a comparable method of service."  735 ILCS 5/2--203.1 (West 1998).  Section 2--203.1 further provides:

"The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under [subsections 2--203(a)(1) and (a)(2) (735 ILCS 5/2--203(a)(1), (a)(2) (West 1998))], including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful.  The court may order service to be made in any manner consistent with due process."  735 ILCS 5/2--203.1 (West 1998).

Our research discloses only one published decision interpreting section 2--203.1.  In 
Mugavero v. Kenzler
, 317 Ill. App. 3d 162 (2000), the plaintiffs instituted a personal injury action against the defendant.  A summons, a first alias summons, and a second alias summons were returned unserved.  The record contained an affidavit from a private detective who testified that the defendant had moved from the address listed on the second alias summons and that he had left no forwarding address.  Subsequently, the plaintiffs moved orally for a third alias summons and for permission to serve the defendant via the Secretary of State.  The trial court granted the plaintiffs' motion.  The trial court later entered a default judgment against the defendant.

On appeal, this court determined that the trial court lacked personal jurisdiction over the defendant because he was not properly served.  We concluded that the plaintiffs failed to strictly comply with section 2--203.1.  
Mugavero
, 317 Ill. App. 3d at 166.  In 
Mugavero
, the only relevant affidavit in the record was the affidavit from the private detective.  The affidavit, however, did not accompany the plaintiffs' motion.  Further, we noted that the affiant merely stated that the defendant had moved from the address on the summons and had left no forwarding address.  This statement was insufficient to demonstrate the "diligent inquiry" required by the statute.  
Mugavero
, 317 Ill. App. 3d at 165.

Our review of the record in the instant case reveals that petitioner's motion did not contain the deficiencies cited by this court in 
Mugavero
.  Petitioner's motion for special service of the court alleged that service by the methods outlined in subsection 2--203 (a)(1) or (a)(2) was impractical because respondent was "willfully and intentionally engaged in a course of conduct calculated to evade service of process" so that he could "continue to transfer and dissipate assets before [the trial court] gains control over the marital estate."  The motion identified four individuals or entities upon whom substitute service could be effectuated.

In addition, attached to the motion was an affidavit prepared by William F. Bochte, one of petitioner's attorneys.  In his affidavit, Bochte averred that a summons, a first alias summons, and a second alias summons were returned "not found."  Bochte also stated that two investigators from two different private detective agencies have been unable to serve respondent.  Attached to Bochte's affidavit was an investigative report from one of the detective agencies, as well as an affidavit from Terry Vincent, one of the private investigators.

The investigative report contained a detailed description of Vincent's efforts to locate respondent.  According to the investigative report, Vincent first attempted to serve respondent at 4:30 p.m. on May 26, 2000, at his place of business in Aurora.  There was no evidence of activity at the facility, and repeated knocking yielded no answer.  During Memorial Day Weekend 2000 (May 27 through May 29), Vincent conducted surveillance of Boness.  He did not observe respondent at any time that weekend.  On June 2 and June 3, 2000, Vincent went to Boness's residence.  He did not observe respondent at the home on either occasion.  On June 5, 2000, Vincent conducted surveillance at respondent's place of business in Aurora.  He did not observe respondent at that location.  On June 6, 2000, Vincent traveled to respondent's place of business in Chicago.  Vincent attempted service at the Chicago location but was informed that respondent was not present.  Vincent then returned to the Aurora business.  He was unable to locate respondent.

In his affidavit, Vincent testified that his employer was hired to serve summons, notice, and petitions upon respondent.  Vincent further testified that between June 15 and June 26, 2000, he made approximately 11 attempts to serve respondent.  The attempts at service were made at various locations, including respondent's Aurora business, respondent's  Chicago business, a local bar, and the Kane County courthouse.  All attempts were unsuccessful.

Petitioner's motion satisfied the requirements of section 2--203.1.  Petitioner indicated that her attempts to serve respondent with a summons, a first alias summons, and a second alias summons were unsuccessful.  Petitioner then filed her motion for service by special order of the court.  Petitioner explained why it was impractical to serve respondent under either subsection 2--203(a)(1) or (a)(2).  Petitioner's motion contained two affidavits detailing the nature and extent of the investigation made to determine respondent's whereabouts.  While the investigative report was not attested to, it was attached to Bochte's affidavit.  Thus, unlike the plaintiffs in 
Mugavero
, petitioner in this case conducted a "diligent inquiry" into respondent's whereabouts.

Nevertheless, respondent contends that the method of service fashioned by the trial court did not comport with due process.  Respondent notes that due process requires notice and a hearing.  In this case, respondent asserts that the method of service ordered by the trial court was not reasonably calculated to assure that he would receive the requisite notice.  Respondent points out that the two attorneys who were served no longer represented him or his company at the time that the trial court issued its order.  Respondent also argues that the only "provable" relationship that he had with Boness was that she worked for his company.  Despite this relationship, respondent maintains, there is no reason why service of process on Boness would be sufficient to effectuate service on him.

As respondent correctly notes, an attorney's authority to act for a client terminates when the matter for which he has been retained ends.  
Herbster v. North American Co. for Life & Health Insurance
, 150 Ill. App. 3d 21, 28 (1986).  Even assuming that service was insufficient on the two attorneys because they no longer represented respondent or his business, respondent presents no valid reason why service on Boness was not valid.  The notice required by due process is that which is " 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford then an opportunity to present their objections.' "  
Rosewell v. Chicago Title & Trust Co.
, 99 Ill. 2d 407, 411 (1984), quoting 
Mullane v. Central Hanover Bank & Trust Co.
, 339 U.S. 306, 314-15, 94 L. Ed. 865, 873, 70 S. Ct. 652, 657 (1950).  
In this case, petitioner made numerous unsuccessful attempts to personally serve respondent.  Whether Boness is respondent's paramour is irrelevant.  Respondent admits that Boness worked for his company.  Courts do not favor those who seek to evade service of summons.  
Edward Hines Lumber Co. v. Smith
, 29 Ill. App. 2d 35, 42 (1961).  Consequently, under these circumstances, service upon an employee was sufficient to convey notice to respondent.  In other words, it is reasonable to believe that an employee would advise his employer that he had been served on the employer's behalf.

Respondent also notes that the trial court's order required petitioner to mail a copy of the summons and petition to the individuals or entities with whom a copy of the summons had been served personally.  Respondent claims that, while the record contains the summonses and the documents showing return of service for these parties, there is nothing in the record verifying that petitioner complied with the mailing requirement.

The trial court's order for service by special order of the court provided that "[s]ervice may be had upon [respondent] by leaving a copy of the Summons and Petition with any two of the following five individuals or entities and thereafter mailing a copy in a sealed envelope with postage fully prepaid addressed to the [respondent]." However, as petitioner points out, the trial court's order did not require her to send the copy of the summons and the petition accompanied by a certificate of mailing.  Respondent does not argue that petitioner did not comply with the court's order as written.  He merely attests that there was no proof of mailing.  However, because no such proof was required, we reject respondent's position.

C.  Injunctive Orders

Having determined that the trial court had personal jurisdiction over respondent, we now address respondent's claim that the trial court abused its discretion in entering the August 2, 2000, orders.  According to respondent, petitioner did not meet any of the requirements necessary to establish entitlement to a preliminary injunction.  Petitioner maintains that the requirements for issuing a preliminary injunction were satisfied.

The purpose of a preliminary injunction is to preserve the status quo with the least injury to the parties concerned.  
Village of Westmont v. Lenihan
, 301 Ill. App. 3d 1050, 1055 (1998).  As a reviewing court, we will not overturn the trial court's determination absent a manifest abuse of discretion.  
North Pole Corp. v. Village of East Dundee
, 263 Ill. App. 3d 327, 334 (1994).  To grant preliminary relief, the trial court must find that (1) the plaintiff possesses a certain and clearly ascertainable right that needs protection; (2) the plaintiff will suffer irreparable harm without the protection of the injunction; (3) there is no adequate remedy at law; and (4) there is a substantial likelihood that the plaintiff will succeed on the merits of the case.  
Lake in the Hills Aviation Group, Inc. v. Village of Lake in the Hills
, 298 Ill. App. 3d 175, 182 (1998).  Allegations consisting of mere opinion, conclusion, or belief are insufficient to support the issuance of a preliminary injunction.  
Village of Lake in the Hills v. Laidlaw Waste Systems, Inc.
, 143 Ill. App. 3d 285, 291 (1986).  Rather, a complaint for a preliminary injunction must plead facts that clearly establish a right to injunctive relief.  
Village of Lake in the Hills
, 143 Ill. App. 3d at 291. 

First, we consider whether petitioner has shown a clearly ascertainable right in need of protection.  In this case, petitioner argues that there are substantial marital assets, which are solely controlled by respondent.  Petitioner further asserts that respondent has never shared any information with her concerning the nature and extent of the marital estate.  Petitioner has a right to claim assets from the marital estate as part of her marital property settlement.  See 
In re Marriage of Grauer
, 133 Ill. App. 3d 1019, 1025 (1985).  Thus, petitioner has demonstrated a clearly ascertainable right in need of protection.

Petitioner has also shown that she will suffer irreparable harm without the protection of the injunction.  Petitioner testified in her affidavit that respondent had already been removing various vintage automobiles and motorcycles and other personal property from the marital residence to an unknown location.  Respondent also told petitioner that despite the substantial estate, he is in dire financial straits and without monies or income to provide support for petitioner or the couple's children.  Petitioner also testified that respondent told her that he would file for bankruptcy, divest himself of all holdings, and quit working.

Moreover, there is no adequate remedy at law.  Respondent insists that section 503 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/503 (West Supp. 1999)) is adequate to protect petitioner's interest in the disposition of property.  Respondent reasons that, because petitioner only seeks to protect a monetary interest that can be calculated with certainty, an injunction was inappropriate.  Respondent, however, does not consider that the marital estate consists of more than monies.  It also contains various trusts and other properties.  Because of the unique nature of real estate, respondent's argument is without merit.

Finally, we point out that, where the motion for preliminary injunction requests an order preserving the status quo between the parties and protecting property that would be lost or dissipated, injunctive relief may be granted even if the movant's ultimate success on the merits is in serious doubt.  
Grauer
, 133 Ill. App. 3d at 1025, citing 
Hoffman v. Wilkins
, 132 Ill. App. 2d 810, 818 (1971).  Implicit in petitioner's motion is a request to preserve the status quo.  Accordingly, this prong is satisfied.

We note that respondent claims that the trial court's issuance of a preliminary injunction was improper in another respect.  Relying on section 501(a)(2)(i) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/501(a)(2)(i) (West 1998)), he claims that the trial court was without authority "to enjoin [his] management and disposition of his business interests and other assets."

Section 502(a)(2)(i) provides in pertinent part:

"In all proceedings under this Act, temporary relief shall be as follows:

(a) Either party may move for:

* * *

(2) a temporary restraining order or preliminary injunction accompanied by affidavit showing a factual basis for any of the following relief:

(i) restraining any person from transferring, encumbering, concealing or otherwise disposing of any property except in the usual course of business or for the necessities of life, and, if so restrained, requiring him to notify the moving party and his attorney of any proposed extraordinary expenditures made after the order is issued[.]" 750 ILCS 5/501(a)(2)(i) (West 1998).

Despite respondent's contention to the contrary, the statute does not preclude the court from enjoining business assets.  Moreover, the enjoined party may move for a modification of the injunction if extraordinary expenditures arise.  See 
Grauer
, 133 Ill. App. 3d at 1023.  In this case, the trial court's order followed the language of the statute by prohibiting the alienation of "any of the assets of the parties except in the usual and ordinary course of business after seventy-two (72) hour written notice to the Petitioner and her attorney."   Accordingly, we conclude that the trial court did not commit a manifest abuse of discretion in granting petitioner's motion for preliminary injunction.

III. CONCLUSION

For the aforementioned reasons, we affirm the judgment of the circuit court of Kane County.

Affirmed.

RAPP and CALLUM, JJ., concur.