*In re* MARRIAGE OF KAREN L. HARTNEY, Petitioner-Appellant, and JEFF HARTNEY, Respondent-Appellee.

Second District   No. 2—05—0039

Opinion filed March 22, 2005.

Margaret A. Bennett and Anne V. Swanson, both of Law Offices of Margaret A. Bennett, P.C., of Oak Brook, for appellant.

Eva W. Tameling, of Tameling & Associates, P.C., of Oak Brook, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Petitioner, Karen Hartney, appeals the trial court's dismissal of her amended petition for a preliminary injunction enjoining respondent, Jeff Hartney, from transferring alleged marital assets. We reverse and remand.

■ Initially, we address Jeff's argument that we do not have jurisdiction of this case because the order dismissing Karen's petition for a preliminary injunction is not final and appealable. This court has jurisdiction to review nonfinal interlocutory orders pursuant to Supreme Court Rule 307(a)(1). 166 Ill. 2d R. 307(a)(1). Rule 307(a)(1) allows an appeal from an order "disallowing" an injunction. Further, we disagree with Jeff that Rule 307(a)(1) does not apply here because the order at issue granted a motion to dismiss. The fact that Karen's petition for an injunction was disallowed by an order dismissing the petition rather than an order denying the petition does not divest this court of jurisdiction. See *In re Marriage of Centioli*, 335 Ill. App. 3d 650, 653 (2002) (the court stated that it had jurisdiction to review an order granting a motion to dismiss a petition seeking a preliminary injunction). We also note that although Karen's amended petition was for a temporary restraining order and a preliminary injunction, she appeals only the trial court's order dismissing her petition for a preliminary injunction.

■ On appeal, Karen argues that the trial court erred by dismissing her amended petition for a preliminary injunction. Section 501(a)(2)(i) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/501(a)(2)(i) (West 2002)) states that a party may seek a preliminary injunction to preserve the status quo of the marital estate during the pendency of the proceedings. To grant preliminary relief, the trial court must find that (1) the plaintiff possesses a certain and clearly ascertainable right that needs protection; (2) the plaintiff will suffer irreparable harm without the protection of the injunction; (3) there is no adequate remedy at law; and (4) there is a substantial likelihood that the plaintiff will succeed on the merits of the case. *In re Marriage of Schmitt*, 321 Ill. App. 3d 360, 371 (2001). A complaint for a preliminary injunction must plead facts that clearly establish a right to injunctive relief. *Schmitt*, 321 Ill. App. 3d at 371.

■ First, we consider whether Karen has shown a clearly ascertainable right in need of protection. Karen's petition alleged that Jeff sold $165,000 of marital assets, namely bonds, and transferred the proceeds out of a marital account for his personal use. Karen further

alleged that Jeff threatened to remove more of the marital assets from the marital accounts. Karen has a right to claim assets from the marital estate as part of her marital property settlement. *Schmitt*, 321 Ill. App. 3d at 371. Thus, Karen has sufficiently pleaded a clearly ascertainable right in need of protection.

Karen has also alleged that she will suffer irreparable harm without the protection of the injunction. Karen stated in her affidavit that Jeff had already sold bonds and transferred the proceeds out of a marital account to an unknown location. Jeff also told Karen that he would transfer more marital assets out of the marital accounts. Karen sufficiently alleged that Jeff's actions posed a threat of dissipation, with Jeff having directed the liquidation of investments in the parties' accounts and the withdrawal of those funds. Thus, Karen sufficiently alleged irreparable harm. See *In re Marriage of Petersen*, 319 Ill. App. 3d 325, 336-37 (2001).

Karen has also adequately alleged that there is no adequate remedy at law. Jeff insists that Karen could obtain money damages and, thus, there is a legal remedy available. However, for a legal remedy to preclude injunctive relief, the remedy must be "clear, complete, and as practical and efficient to the ends of justice and its prompt administration as the equitable remedy." *In re Marriage of Joerger*, 221 Ill. App. 3d 400, 407 (1991). Allowing Jeff to sell marital assets and remove them from marital accounts, thus requiring Karen to seek money damages after the marital estate's value plummets, is not the most practical and efficient remedy here. Karen has sufficiently pleaded that there is no adequate remedy at law, and the alleged potential loss of value in the marital estate makes injunctive relief proper.

Jeff argues that Karen's petition for a preliminary injunction seeks to alter the status quo. We disagree. Courts have recognized the need to protect the status quo of financial assets in marital estates during the pendency of divorce proceedings. In *Petersen*, the Appellate Court, First District, affirmed a preliminary injunction enjoining a husband from withdrawing funds from the parties' retirement accounts. See *Petersen*, 319 Ill. App. 3d at 337. The *Petersen* court reasoned that the status quo needed to be maintained to prevent the "dissipation or destruction of the property in question." *Petersen*, 319 Ill. App. 3d at 337. A legal remedy is inadequate where damages are difficult to calculate at the time of hearing. *Joerger*, 221 Ill. App. 3d at 406. At this stage in the proceedings, how Jeff's actions would affect the marital estate is unknown. The status quo to be maintained by a preliminary injunction here is the prevention of dissipation or destruction of the property in question. Thus, the trial court erred by dismiss-

ing the petition without an evidentiary hearing. See *Petersen*, 319 Ill. App. 3d at 336-37.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded

BOWMAN and BYRNE, JJ., concur.